In re Kevin ADELL, Debtor.

No. 9:03–BK–23684–ALP.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

June 21, 2005.

See also 328 B.R. 850, 2005 WL 1936344.

Ralph E. McDowell, Bodman, Longley & Dahling, LLP, Detroit, MI, for Debtor.

Diane L. Jensen, Fort Myers, FL, T. Patrick Tinker, Office of the U.S. Trustee, Tampa, FL, for Trustees.

ORDERS ON DEBTOR'S EMERGENCY MOTION FOR IMMEDIATE HEARING ON AND FOR SANCTIONS AGAINST JOHN RICHARDS HOMES BUILDING COMPANY, LLC AND JOHN RICHARDS HOMES BUILDING COMPANY, LLC'S COUNSEL PURSUANT TO 11 U.S.C. §§ 362(h) and 105(a) and DEBTOR'S SUPPLEMENT TO EMERGENCY MOTION FOR IMMEDIATE HEARING ON AND FOR SANCTIONS AGAINST JOHN RICHARDS HOMES BUILDING COMPANY, LLC AND JOHN RICHARDS HOMES BUILDING COMPANY, LLC'S COUNSEL PURSUANT TO 11 U.S.C. §§ 362(h) and 105(a)

(Doc. Nos. 611 and 617)

ALEXANDER L. PASKAY, United States Bankruptcy Judge.

THE GENESIS of the present matter before this Court is an Order entered by

the United States District Court for the Middle District of Florida (the District Court) on May 11, 2005, on an Appeal from this Court's Order entered on May 28, 2004, which denied a Motion to Dismiss filed by John Richards Homes Building Company, LLC, (JRH). In its order, the District Court reversed this Court's Order and granted JRH's Motion to Dismiss. It should be noted at the outset that the District Court's Order did not dismiss the case, did not revoke the reference, and did not remand the matter back to this Court with directions to dismiss the case.

The present matters before this Court are (1) Debtor's Emergency Motion for Immediate Hearing on and for Sanctions Against John Richards Homes Building Company, LLC and John Richards Homes Building Company, LLC's Counsel Pursuant to 11 U.S.C. § 362(h) and § 105(a) (Doc. No. 611) (Motion to Impose Sanctions) filed on May 12, 2005; and (2) Supplement to Emergency Motion for Immediate Hearing on and for Sanctions Against John Richards Homes Building Company, LLC and John Richards Homes Building Company, LLC's Counsel Pursuant to 11 U.S.C. § 362(h) and § 105(a) (Doc. No. 617) filed on May 17, 2005. The facts which are relevant to the issues raised by the Debtor in his Motions, as appear from the record, are undisputed and are summarized as follows:

On November 14, 2003, Kevin Adell (Debtor) filed his Petition for Relief under Chapter 11 of the Code. On December 1, 2003, the Debtor filed his Disclosure Statement (Doc. No. 35) and his Plan of Reorganization (Doc. No. 34). On February 10, 2004, John Richards Homes Building Company, LLC, filed its Motion to Dismiss the Chapter 11 case of the Debtor (Doc No. 145). On May 28, 2004, this Court denied the Motion to Dismiss (Doc. No. 287). On June 15, 2004, JRH filed its Notice of Appeal of this Court's Order which denied the Motion for Reconsideration of JRH of this Court's Order denying its Motion to Dismiss.

The Debtor filed several Plans of Reorganization and Amendments to Plans, all of which failed to obtain Confirmation. The Debtor's last amended version of a Plan of Reorganization was scheduled for Confirmation hearing on May 19, 2005.

On May 11, 2005, at 11:30 a.m. the District Court entered its Order on Appeal and reversed this Court's Order which denied the Motion to Dismiss and granted the Motion to Dismiss filed by JRH. At 4:00 p.m. on May 11, 2005, Mr. Norman Akers, counsel for JRH (Mr. Akers), filed a Motion in the United States District Court for the Eastern District of Michigan, Southern Division (Michigan Bankruptcy Court) and sought an immediate appointment of a Receiver for the property of the Debtor and an immediate entry of two separate judgments against STN.com and Adell Broadcasting, Inc., each in the amount of $6,413,230.68 (Motion to Appoint Receiver) (Doc. No. 611, Composite Exhibit A).

On May 12, 2005, at 9:57 a.m. counsel for the Debtor filed electronically his Notice of Voluntary Conversion of his Chapter 11 case to a Chapter 7 case. (Doc. No. 607). On the same date at 11:41 a.m., or after the Debtor converted his case, the Michigan Bankruptcy Court entered an ex parte Order, without notice to anyone, and appointed Robert Hertzberg as Receiver over all assets of the Debtor (Order Appointing Receiver) (Doc. No. 611, Exhibit B). At approximately Noon on May 12, 2005, Debtor's counsel sent a letter by telefax to Mr. Akers demanding that JRH withdraw the Motion to Appoint Receiver before 5:00 p.m. that day and, in the event they failed to do so, the Debtor would seek imposition of sanctions for violation of the automatic stay. Mr. Akers did not with-

draw his Motion for Appointment of a Receiver, who is still technically the Receiver for the estate of this Chapter 7 Debtor. Having received no response to the telefax, and feeling quite sure he would not receive a response from Mr. Akers even though he had given a deadline of 5:00 p.m., counsel for the Debtor filed his Motion to Impose Sanctions at 2:08 p.m. on May 12, 2005.

On May 13, 2005, Mr. Akers filed a Motion to Prohibit the Debtor from prosecuting his Bankruptcy Case in Florida (the Injunction Motion) (Doc. No. 617, Exhibit A) in the Michigan Bankruptcy Court. The Injunction Motion also requested that the Michigan Bankruptcy Court enjoin the Debtor from pursuing the protection of the automatic stay, based on the allegation that the Michigan Bankruptcy Court had already determined that the automatic stay expired when it entered its ex parte Order Appointing a Receiver.

In the Injunction Motion, Mr. Akers also sought an injunction to prohibit the Debtor from presenting his Motion to Impose Sanctions filed on May 12, 2005. The Michigan Bankruptcy Court scheduled a hearing on the Injunction Motion for May 23, 2005, at 2:00 p.m. (Doc. No. 617, Exhibit B). Notwithstanding that Mr. Akers already had notice that counsel for the Debtor would seek sanctions for violation of the automatic stay, on May 18, 2005, Mr. Akers filed his Memorandum in support of the Injunction Motion.

On May 18, 2005, the District Court in the Middle District of Florida entered an Order and granted the Debtor's Motion for Extension of the Ten–Day Stay Pending Ruling on the Motion for Rehearing filed by the Debtor on May 17, 2005. In its Order, the District Court also concluded that public interest would be served by allowing a stay pending the resolution of the Debtor's Emergency Motion for Rehearing, and unequivocally ruled in the

ordering paragraph that the stay was still in effect. On May 18, 2005, the District Court also entered an Order denying JRH's Emergency Motion to Enforce the District Court's Order dated May 11, 2005.

Based on the foregoing, it is the contention of the Debtor that Mr. Akers willfully and knowingly violated the automatic stay. Therefore, he is entitled to monetary damages plus attorney fees and costs pursuant to Section 362(h).

■ In opposing the Debtor's Motion, Mr. Akers contends first that the stay provided for by F.R.B.P. 8017 applies only to adversary proceedings and did not apply to the Order entered by the District Court granting the Motion to Dismiss filed by JRH. Even assuming this proposition is correct, which this Court is unwilling to accept, its applicability in the present instance is really not relevant. This is so because this record leaves no doubt that the mere entry of an Order granting the Motion to Dismiss did not dismiss the case. The case was, and still is, before this Court and will remain so until, if ever, the District Court revokes the reference. From this it follows, that the automatic stay never ceased to exist and still protects the Debtor, notwithstanding the conclusion to the contrary of the Michigan Bankruptcy Court. Therefore, Mr. Akers' actions were a clear, knowing and willful violation of the automatic stay. Mr. Akers, as an expert Bankruptcy attorney, certainly should have been aware that the case was never dismissed. Even if in doubt, he certainly could have filed a Motion in this Court to seek relief from the automatic stay and, upon proper showing of exigent circumstances, he could have obtained an ex parte relief under Section 362(f).

In addition, Mr. Akers contends that he proceeded in good faith in Detroit because he relied on the position taken by the Michigan Bankruptcy Court which con-

cluded that the Chapter 11 case had been dismissed, therefore, the automatic stay expired by virtue of Section 362(c)(2)(B) and no longer protects the Debtor. For this reason, Mr. Akers states that he cannot be held to be guilty of a willful violation and the imposition of sanctions would be improper. This Court is satisfied that Mr. Akers was fully aware of what was transpiring in the Bankruptcy Case in Florida. This Court is also satisfied that Mr. Akers' defense that he acted in good faith because he relied on the position taken by the Michigan Bankruptcy Court was unjustified and not supported by this record. Therefore, this defense of good faith is rejected.

In his Emergency Motion for Immediate Hearing on and for Sanctions Against John Richards Homes Building Company, LLC and John Richards Homes Building Company, LLC's Counsel Pursuant to 11 U.S.C. § 362(h) and § 105(a) (Doc. No. 611), the Debtor requested that this Court enter an Order (a) granting the motion; (b) declaring any actions by JRH to be void; (c) declaring the appointment of a receiver a nullity; and (d) imposing sanctions. In his Supplement to Emergency Motion for Immediate Hearing on and for Sanctions Against John Richards Homes Building Company, LLC and John Richards Homes Building Company, LLC's Counsel Pursuant to 11 U.S.C. § 362(h) and § 105(a) (Doc. No. 617), the Debtor requests that this Court enter an Order (a) granting the motion; (b) requiring JRH to withdraw its Injunction Motion; (c) alternatively, declaring all actions taken on the part of JRH void; (d) declaring any order entered as a result of the Injunction Motion a nullity; (e) imposing sanctions in the form of punitive damages; and (f) granting such other and further relief as the Court deems appropriate.

Concerning the Debtor's request for sanctions including imposing sanctions in the form of punitive damages, this Court is satisfied that the imposition of monetary damages is appropriate. However, this Court is constrained to reject the request of imposition of sanctions in the form of punitive damages.

This Court is satisfied that the Debtor is entitled to recover monetary sanctions against Mr. Norman Akers for damages including attorneys fees and costs incurred by the Debtor defending his rights under the automatic stay provisions of the Code. However, in the absence of any detailed description of the services rendered and the amount of attorney's fees and costs sought, nor any evidence in the record of any actual damages, this Court is unable to fix the sanctions award at this time.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Emergency Motion for Immediate Hearing on and for Sanctions Against John Richards Homes Building Company, LLC and John Richards Homes Building Company, LLC's Counsel Pursuant to 11 U.S.C. § 362(h) and § 105(a) and the Debtor's Supplement to Emergency Motion for Immediate Hearing on and for Sanctions Against John Richards Homes Building Company, LLC and John Richards Homes Building Company, LLC's Counsel Pursuant to 11 U.S.C. § 362(h) and § 105 be, and the same are hereby, granted in part and denied in part. The Debtor is entitled to recover from counsel for JRH, Mr. Norman Akers, reasonable attorney fees and costs incurred by the Debtor in the violation of the automatic stay in connection with the actions taken by JRH since May 11, 2005, in the Michigan Bankruptcy Court, but the request for punitive damages is denied. It is further,

ORDERED, ADJUDGED AND DECREED that the request for an Order Granting JRH's Motion for Appointment

of Receiver entered by the Michigan Bankruptcy Court be, and the same is hereby, denied. Mr. Akers is hereby ordered to forthwith seeking an Order vacating the Order Appointing a Receiver in the Michigan Bankruptcy Court and any further action in pursuit of the receivership will be deemed to be a further violation of the automatic stay subject to sanctions. It is further,

ORDERED, ADJUDGED AND DECREED that the Debtor's counsel shall submit a detailed itemization of the hours spent, hourly rate for services performed and costs incurred, in his representation of the Debtor, as well as an Affidavit by the Debtor establishing what additional damages he, in fact, suffered as the result of the violation of the automatic stay by Mr. Norman Akers, within 10 days from the date of entry of this Order. Counsel for the Debtor shall serve a copy of this Order together with the Debtor's affidavit and Counsel for the Debtor's detailed itemization on counsel of record for JRH, Mr. Steven Berman and Mr. Norman Akers within 10 days from the entry of this Order.